IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DALLES IRRIGATION DISTRICT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1042C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint filed by the Dalles Irrigation District, defendant, the United States of America, admits, denies, and alleges as follows:

1. Denies the allegations in paragraph 1 for lack of information or knowledge sufficient to form a belief as to their truth.

2. Admits the allegations contained in paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations in paragraph 2.

3. Denies the allegation in paragraph 3 that Gale Norton is the Secretary of the Interior and that John W. Keys, III is the Commissioner of the Bureau of Reclamation ("BOR"). Affirmatively states that Dirk Kempthorne is the current Secretary of the Interior and William E. Renne is the Acting Commissioner of the BOR. Admits the remaining allegations contained in paragraph 3. Avers that only the "United States" can be a defendant in this Court.

4. Admits the allegation contained in the first sentence of paragraph 4 that the United States District Court for the District of Oregon entered an order transferring plaintiff's case to this Court pursuant to Orff, et al. v. United States, 125 S. Ct. 2606 (2005), and the stipulation of the parties. The remaining allegations contained in paragraph 4 constitute

conclusions of law that require no answer; to the extent those allegations may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in the first sentence of paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations in the first sentence of paragraph 5. Denies the remaining allegations contained in paragraph 5.

6. Admits that defendant received notice of plaintiff's claim through the filing of this lawsuit. The remaining allegations contained in paragraph 6 constitute conclusions of law that require no answer; to the extent those allegations may be deemed allegations of fact, they are denied.

7. Defendant hereby incorporates its answers to the allegations contained in paragraphs 1 through 6 of the complaint.

8. Denies.

9. Denies.

10. Defendant hereby incorporates its answers to the allegations contained in paragraphs 1 through 9 of the complaint.

11. The allegations in paragraph 11 constitute plaintiff's characterization of its request for relief that requires no answer; to the extent the allegations in paragraph 11 may be deemed allegations of fact, they are denied.

12. Denies that plaintiff is entitled to any of the relief set forth in the prayer for relief immediately following paragraph 11, or to any relief whatsoever.

13. Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Gregory T. Jaeger
GREGORY T. JAEGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-7955

Dated: July 10, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 10, 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Gregory T. Jaeger