IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DALLES IRRIGATION DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-1042C<br>(Judge Lettow) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Section III, Appendix A, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully report as follows:

a. Jurisdiction: Plaintiff, the Dalles Irrigation District ("The Dalles"), believes that the Court possesses jurisdiction to consider its lawsuit. Defendant, the United States, has identified no bases to challenge the Court's jurisdiction, other than those identified in its motion to dismiss.[1]

b. Consolidation: The parties believe that this case need not be consolidated with any other case.

[1] Defendant argued that The Dalles' claims were barred by the six-year statute of limitations provided by 28 U.S.C. § 2501, and, therefore, the Court lacked subject matter jurisdiction to consider the claims. Defendant's motion was denied by the Court in an order dated June 19, 2006.

c. Bifurcation: The Dalles states that bifurcation is unnecessary.

At present, the Government also believes that bifurcation is unnecessary. The Government notes, however, that bifurcation may become appropriate at a later time, depending upon the issues that present themselves for trial.

d. Deferral: The parties do not believe that further proceedings in this action should be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension: The parties do not intend to request a remand or a suspension in this case.

f. Additional Parties: The parties do not anticipate joining any additional parties to this lawsuit.

g. Dispositive Motions: The Dalles does not contemplate filing a dispositive motion. At present, the Government is not in a position to determine whether it will file a dispositive motion, but will consider such a motion after discovery, if the evidence warrants.

h. Relevant Factual And Legal Issues:

The Dalles' Statement of Relevant Factual and Legal Issues

The Dalles states that the relevant factual issues are:

1. What is the actual cost of providing energy and power for the plaintiff from the Dalles Dam, in each of the years through 2006?

2. What part of the bills provided to the plaintiff in connection with contract number 14-06-100-2276 (October 19, 1961) has been for specific operating and maintenance costs? What part has been for specific depreciation?

3. What part of the bills provided to the plaintiff in connection with contract number 14-06-100-2276 has been for "joint" operation and maintenance costs? What part has been for "joint" depreciation?

4. What part of the bills provided to the plaintiff in connection with contract number 14-06-100-2276 has been for replacement reserves or costs?

5. What part of the bills provided to the plaintiff in connection with contract number 14-06-100-2276 has been for adjusted depreciation?

6. What part of the bills provided pursuant to that contract has been for interest expenses?

7. What part of the bills provided to the plaintiff in connection with contract number 14-06-100-2276 has been for any other cost element not set out in 1-6 above?

8. Did the defendant provide the plaintiff with an annual statement of the plaintiff's actual power costs? If so, for what years was such a statement furnished and what were the actual power costs stated for such year?

9. To what extent did the 1 mill/kWh payment made by the plaintiff exceed the cost-basis associated with contract number 14-06-100-2276?

10. In any year, did the defendant credit the plaintiff for a surplus of payments over actual power costs? If so, for what year and in what amount?

The Dalles states that the relevant legal issues are:

1. Did the defendant breach the contract?

2. What are plaintiff's damages?

The Government's Statement of Relevant Factual and Legal Issues

The Government states that the relevant factual issues are:

1. During the time period relevant to this lawsuit, what was the cost to generate power at The Dalles Dam facility?

2. During the time period relevant to this lawsuit, what costs have been included in The Dalles' power generation rate?

3. What is the basis for The Dalles' argument that certain costs may not be included within The Dalles' power generation rate?

The Government states that the relevant legal issues are:

1. What costs are permitted to be included within The Dalles' power generation rate pursuant to the contract and/or the authorizing legislation for the dam?

2. Does the power rate applied to The Dalles during the time period relevant to this lawsuit include costs that are not contemplated by the Repayment Contract? If so, does the inclusion of those costs constitute a breach of the Repayment Contract?

3. If there is a breach of the Repayment Contract, did that breach cause The Dalles to incur any compensable damages, and, if so, what is the amount of those damages?

i. Settlement/ADR: The parties have discussed settlement, and intend to continue informal discussions as the litigation proceeds. At this time, however, the parties cannot state whether settlement is likely. The parties are in the process of determining whether ADR is appropriate.

j. Trial Status: At present, if the case cannot be resolved by dispositive motions or settlement, the parties intend to proceed to trial. The Dalles states that, because this case was filed in August of 2004 and transferred to this Court from the United States District Court for the District of Oregon one year later, it is appropriate to expedite the trial of this case. The Dalles states that the trial should be conducted in Portland, Oregon.

The Government believes that expedited trial scheduling is neither warranted nor necessary for this case. The Government agrees with The Dalles that the trial, if any, should be conducted in Portland, Oregon.

k. Electronic Case Management: At this time, the parties are aware of no special issues regarding electronic case management needs.

l. Additional Information:

Neither The Dalles nor the Government is aware of any additional information of which the Court should be notified.

Proposed Discovery Plan

The parties do not believe additional discovery is necessary for liability issues. The parties agree, however, that discovery is necessary for damages issues. Accordingly, the parties propose the following discovery schedule:

| | |
|---|---|
| Deadline for Expert Disclosures Pursuant to RCFC 26(a) | October 8, 2006 |
| Deadline for the Submission of The Dalles' Expert Report(s) | November 8, 2006 |
| Deadline for the Submission of The United States' Expert Report(s) | December 8, 2006 |
| Deadline for Rebuttal Expert Report(s) | January 15, 2007 |
| Close of All Discovery | February 15, 2007 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Gregory T. Jaeger
GREGORY T. JAEGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-7955

Attorneys for Defendant

September 8, 2006

/s/ Arden E. Shenker
ARDEN E. SHENKER
Shenker & Bonaparte, LLP
One SW Columbia, Ste. 475
Portland, OR 97258-2002
Tele: (503) 294-1118
Fax: (503) 294-0015

September 8, 2006

CERTIFICATE OF FILING

I hereby certify that on September 8, 2006, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Gregory T. Jaeger