UNITED STATES COURT OF FEDERAL CLAIMS

**THE DALLES IRRIGATION DISTRICT**,

Plaintiff,

**v.**

**THE UNITED STATES OF AMERICA,**

Defendant.

Case No. 05-1042 C

Judge Charles F. Lettow

**(RCFC, App. A, Rule 14)**

**PLAINTIFF'S WITNESS LIST**

Plaintiff will provide testimony from the following witnesses:

1. Darryl Beckman* will describe his participation in setting purchase power rates for plaintiff, while serving as defendant's Assistant Regional Administrator. **Time needed for direct examination: 20 minutes.**

2. Al Bolin* will describe with particularity his responsibilities in implementing the parties' 1961 Contract. He was defendant's primary participant in working with Bonneville Power Administration ("BPA"). **Time needed for direct examination: 2 hours.**

3. Sue Garifo (formerly Furst) will describe her thorough review, for BPA, and

definitive statement, approved by the Bureau of Reclamation ("Bureau"), of plaintiff's 1961 Contract responsibilities and those of the Bureau. **Time needed for direct examination: 3 hours.**

4. Mark Jones will describe his representation of BPA in implementing a Memorandum of Understanding ("MOU") with defendant for irrigation districts with which BPA had no contractual relationships. **Time needed for direct examination: 1 hour. The witness may be called in rebuttal as well.**

5. Lisa Kaiser will describe how BPA accounted for charges to defendant pursuant to the MOU between them; her charges to defendant were not for the plaintiff and not derived from plaintiff's 1961 Contract with defendant. **Time needed for direct examination: 30 minutes. The witness may be recalled in rebuttal as well.**

6. Terrald Kent. As Al Bolin's supervisor, Kent was the defendant's spokesperson for the plaintiff. *See* Bolin statement. **Time needed for direct examination: 1 hour.**

7. John W. Keys, III. As Assistant, Acting and Regional Bureau Administrator, the witness was responsible for setting plaintiff's rates according to the parties' 1961 Contract. Thereafter as defendant's national commissioner he was responsible for policies to review irrigation district rates and the bases therefor.

This witness' testimony will be provided by video deposition, pursuant to FRE 801(d)(2). **Time needed for direct examination: 1 hour.**

8. Bill Lloyd.** As John Keys' predecessor Administrator the witness reviewed the bases for rates to be charged to plaintiff from the parties' 1961 Contract and concluded that defendant's proposed increased rates were unlawful and inappropriate. **Time needed for direct examination: 30 minutes.**

9. Bill McDonald.** As John Keys' successor Administrator, the witness, a lawyer, carefully reviewed the underlying documents to determine what components should be permitted to go into the project power costs under the parties' 1961 Contract. **Time needed for direct examination: 30 minutes.**

10. Karen Miller.* An accountant for the US Army Corps of Engineers ("Corps"), the witness supplied to BPA such data as was requested of her by BPA. The Corps is not a party to the 1961 Repayment Contract. **Time needed for direct examination: 30 minutes.**

11. Carol Close Opatrny. The witness is an expert in the electric utility industry and will describe the context and background for understanding the operation of the parties' 1961 Contract. **Time needed for direct examination: 2 hours. The witness may be recalled in rebuttal as well.**

12. Ryan Patterson.* Defendant's Boise economist will describe what feasibility studies have and have not been done for the plaintiff's project. **Time needed for direct examination: 30 minutes.**

13. Mike Richardson. Plaintiff's manager is the custodian of the records and will attest to the documents supplied and not supplied by defendant. **Time needed for direct examination: 30 minutes.**

14. Dennis Stocks.* The operator of The Dalles Dam for the Corps will describe the activities at The Dalles project and how they have changed. **Time needed for direct examination: 20 minutes.**

* These witnesses' testimony will be provided through deposition transcripts if they are not made available by the defendant.

** These witnesses' testimony may be provided through deposition transcripts pursuant to FRE 801(d)(2).

DATED this 1st day of October, 2007

SHENKER & BONAPARTE, LLP

By: /s/ Arden E. Shenker

**Arden E. Shenker**
OSB No. 62082
ashenker@ashenkeresq.com
Shenker & Bonaparte, LLP
1500 SW First Avenue, Ste. 630
Portland OR 97201
Telephone: 503-294-1118
Facsimile: 503-294-0015

Attorneys for Plaintiffs
**THE DALLES IRRIGATION DISTRICT**