IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DALLES IRRIGATION DISTRICT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1042C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO TAKE JUDICIAL NOTICE**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court take judicial notice of Defendant's Exhibits 1-5, contained in defendant's exhibit list filed with the Court, on October 22, 2007. Electronic Docket Number 52.

The Federal Rules of Evidence provide:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201. Moreover, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The documents for which judicial notice is sought in this case were either generated by Congress, or received by it, in connection with approving The Dalles Federal Reclamation Project and include the following: (1) Transcript of hearing before the U.S. Senate Subcommittee on Irrigation and Reclamation on Senate Bill 2195 ("S. 2195") authorizing construction, operation, and maintenance of The Dalles Federal Reclamation Project, dated June 13, 1960; (2) Project Planning Report on The Western Division, The Dalles Project, Oregon, dated June 22, 1960; (3) U.S. Senate Report No. 1752 regarding The Dalles Federal Reclamation Project to accompany S. 2195, dated June 28, 1960;

(4) U.S. House of Representatives Report No. 2203 regarding The Dalles Federal Reclamation Project to accompany S. 2195, dated August 30, 1960; and (5) Authorizing Legislation of The Dalles Reclamation Project, Public Law 86-745, 74 Stat. 882 (1960).[1]

## CONCLUSION

Accordingly, the Court should take judicial notice of the foregoing and admit the proferred exhibits into evidence for use at trial.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

October 24, 2007

---

[1] In Arizona v. California, 283 U.S. 423, 452, n. 4-5 (1931), for example, the Court took judicial notice of similar Congressional reports; see also Overfield v. Pennroad Corp., 146 F.2d 889, 898 (3d Cir. 1944) (courts can and do take judicial notice of Congressional proceedings); Commonwealth Edison Co. v. United States, 46 Fed. Cl. 158, 160 (2000) (courts may take notice of legislative facts embodied in legislative history).

CERTIFICATE OF FILING

I hereby certify that on this 24th day of October, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO TAKE JUDICIAL NOTICE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo