IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DALLES IRRIGATION DISTRICT,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 05-1042C<br>(Judge Lettow) |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits this reply to the opposition to our motion in limine to exclude the testimony and expert report of Carol Opatrny, which was filed by plaintiff, The Dalles Irrigation District ("The District"), on October 30, 2007.

In our moving brief, we established that Ms. Opatrny's testimony should be excluded because the sole issue before the Court in this bifurcated trial is one of statutory and contract interpretation. Ms. Opatrny's interpretation of contract provisions, and opinions on the meaning of certain historical documents provided by The District's counsel, are not proper subjects of expert testimony.

As we demonstrate below, The District's brief in opposition of our motion supports our argument that Ms. Opatrny's testimony and expert report should be excluded from this bifurcated trial upon liability issues.

First, The District suggests that the parties' course of dealing over the past half century will help in resolving this dispute. Plaintiff's Response to Defendant's Motion to Exclude Expert ("Pl. Opp.") at 2. While that might be true if the parties' dealings were inconsistent with the contract, The District fails to demonstrate how this expert would be competent to testify about such matters. Fed. R. Evid. 602 (witness may only testify as to matters within their personal knowledge). Only expert testimony based upon scientific, technical, or other specialized knowledge would be admissible despite a lack of personal knowledge. Fed. R. Evid. 702, 703. An expert's recitation of the contents of historical documents, compounded by speculation upon what the parties might have agreed to, does not qualify as expert testimony. See fn. 7 of our moving brief.

One stark example of The District's misunderstanding of the proper role of expert testimony is its citation to the expert report for the premise that the defendant had agreed that certain cost sharing would not apply to The District. Pl. Opp. at 6. The portion of the report cited then quotes the Definite Pan Report of 1962, which will be introduced at trial as Defendant's Exhibit 8. Exhibit A, Pl. Opp., at fn. 10. Expert testimony about what the document purportedly says is singularly unhelpful and inadmissible. The District's reliance on Banks v. United States, __ Fed. Cl. __, 2007 U.S. Claims LEXIS 318, 59-60 (2007) is misplaced because in that takings case, the court only reiterated that it would not reach conclusions on evidence that is beyond its non-expert ability to interpret. On the other hand, this case is about contract and statutory interpretation, and this Court has long held that "the interpretation of statutes normally is a question of law which does not require expert testimony." American National Insurance Co. v. United States, 690 F.2d 878, 888 (Ct. Cl. 1982).

Second, in the context of the expert report, The District fails to produce the entire first page of the expert's report in its submission to the Court. Exhibit A, Pl. Opp., at 1. The missing third paragraph states "[t]he purpose of this report is to provide an estimate of the financial damages that The Dalles has incurred for the time period defined as August 18, 1998 to date." Attached as Defendant's Exhibit A to this reply (emphasis added). Again, this supports defendant's motion to exclude the report based upon its irrelevance to the question of whether the Government breached its contract with The District.

Third, The District mistakenly argues that its version of the facts is unchallenged while citing to its own proposed findings of fact and law. Pl. Opp. at 4. Indeed, The District's self-serving contentions of fact and law are vehemently challenged by defendant. However, these are matters for the Court to resolve at trial.

Lastly, The District closes with the inexplicable declaration that our motion concluded with "the suggestion that the plaintiff's expert may testify to the interpretation of the contract terms, the parties' apparent intent, as well as the technical and historic documents produced by the defendant." Pl. Opp. at 6. Nothing could be further from the truth. Our motion concluded by stating ". . . in terms of liability, the sole subject of this trial, plaintiff has failed to identify any testimony that would be anything more than Ms. Opatrny's interpretation of the contract terms, divination of the parties' intent in the 1960s, or anecdotal evidence based upon her

reading of documents that she received from The District's counsel." Defendant's Motion In Limine at 10.

As we demonstrated in our moving brief, which The District utterly fails to refute, Ms. Opatrny's testimony and her expert report upon financial damages are irrelevant for the purpose of determining whether the Government breached the repayment contract – the sole question for the Court. As The District makes clear, Ms. Opatrny does not have any independent knowledge of the parties' dealings, and her opinions would be anecdotal at best, based upon her reading of certain historical documents which the Court can read for itself.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in our moving brief, we respectfully request that the Court grant the Government's motion in limine to exclude Ms. Opatrny's testimony and expert report.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL
CLARK MILLER
U.S. Department of the Interior
Attorney-Advisor
Field Solicitor's Office
960 Broadway Ave., Suite 400
Boise, ID 83706
Tel: (208) 334-1906
Fax: (208) 334-1918

November 1, 2007

Expert Report of Carol Close Opatrny

THE DALLES IRRIGATION DISTRICT vs. UNITED STATES
In the United States Court of Federal Claims, No. 05-1042C

## Introduction

I am a consultant in the electric utility industry with special emphasis on wholesale power and transmission markets and rate design. I have been associated with this industry since 1980; I have worked in consulting capacities since 1989 and, in 1996, I incorporated as Opatrny Consulting, Inc. My resume is attached as Exhibit A. Details regarding my recent appearances as an expert witness and publications are contained in Exhibit B.

In 2004, I was retained by the Plaintiff's counsel, Arden E. Shenker, Shenker & Bonaparte, LLP, to meet with representatives of the Bureau of Reclamation ("Bureau") and the Bonneville Power Administration ("BPA") in order to better understand the cost-basis of the cost of generation charged to his client, The Dalles Irrigation District ("The Dalles"). I have also reviewed materials, depositions and exhibits as well as prepared several memoranda for the purpose of evaluating the damages that the The Dalles has and will continue to incur. My compensation is computed on an hourly basis, at $170 per hour.

The purpose of this report is to provide an estimate of the financial damages that The Dalles has incurred for the time period defined as August 18, 1998 to date. To provide context for this estimate, I have also calculated damages for the time periods defined as 1965 – 1989 and 1990 – August 17, 1998.

## The Issue

The issue in this case is determining the actual cost of generation from the Dalles Dam, as this should be the basis for the charge for power paid by The Dalles for irrigation pumping. The actual cost of generation subtracted from the "total unit cost" that has been charged to The Dalles is the basis for the damages calculations that I have performed.

Although I have not been provided with adequate data to be certain about the actual cost of generation, I demonstrate the following:

(1) The cost of generation that is charged to the District is overstated.
(2) The cost-basis for the cost of generation charged to The Dalles is not transparent.
(3) The escalation of the costs charged to the Irrigation loads is out of line with the general escalation of the cost of BPA's wholesale (commercial) power.

Defendant's Exhibit A
To Reply To Mot. In Limine

CERTIFICATE OF FILING

I hereby certify that on this 1st day of November, 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Armando A. Rodriguez-Feo