IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DALLES IRRIGATION DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-1042C<br>(Judge Lettow) |

**DEFENDANT'S REPLY TO PLAINITFF'S RESPONSE TO OUR MOTION FOR LEAVE TO FILE DEFENDANT'S OBJECTION TO THE COURT'S CONSIDERATION OF APPENDICES A-D OF PLAINTIFF'S CLOSING ARGUMENT**

On February 29, 2008, defendant sought leave from the Court to file its objection to the District's inclusion of appendices A-D to its post-trial closing argument. The Government objected primarily because the Court closed the evidentiary record in this case, save for non-evidentiary materials, which might be helpful, such as cases and publications. Tr. 822:8-12.

The Federal Rules of Evidence grant the Court the authority to place limits, including a restriction on when evidence may be received pursuant to Fed. R. Evid. 611. The Court exercised its discretion by closing the record at the conclusion of trial. The District should not be permitted to introduce evidence once the record has been closed.

The District's response suggests that (1) the appendices are non-evidentiary, and (2) the Court would take judicial notice of the proffered evidence in any case. The former suggestion is without merit because the documents are only being introduced for their evidentiary value. As to the second, the Rules provide:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201. However, the time for asking the Court to take judicial notice passed when the evidentiary record was closed.

Additionally, even if the Court were to take judicial notice of these appendices, their admission is conditioned upon their being relevant pursuant to the Rules, which state:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. The appendices attached to the District's closing argument are not relevant to any fact of consequence in this case.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307 3390
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL
CLARK MILLER
U.S. Department of the Interior
Attorney-Advisor
Field Solicitor's Office
960 Broadway Ave., Suite 400
Boise, ID 83706
Tel: (208) 334-1906
Fax: (208) 334-1918

March 13, 2008

CERTIFICATE OF FILING

I hereby certify that on this 13th day of March, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINITFF'S RESPONSE TO OUR MOTION FOR LEAVE TO FILE DEFENDANT'S OBJECTION TO THE COURT'S CONSIDERATION OF APPENDICES A-D OF PLAINTIFF'S CLOSING ARGUMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Armando A. Rodriguez-Feo